**In the Matter of Dean Allen DILLEY a/k/a Dean A. Dilley, Debtor.**

**Joseph D. DUTKA, Plaintiff,**

v.

**Dean Allen DILLEY, Defendant.**

**Adv. No. 82–0089.**

United States Bankruptcy Court, W.D. Wisconsin.

Nov. 30, 1982.

William O. Salen, Brennan, Steil, Ryan, Basting & MacDougall, S.C., Janesville, Wis., for plaintiff.

William W. Rentz, Bolgrien, Ruth & Rentz, S.C., Beloit, Wis., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

This proceeding came on for trial to the court on November 4, 1982. The plaintiff appeared by Attorney William O. Salen of Brennan, Steil, Ryan, Basting & MacDougall, S.C., and defendant appeared by William W. Rentz of Bolgrien, Ruth & Rentz, S.C. Upon all the evidence, the court makes the following:

### FINDING OF FACTS

1. On April 3, 1981, the plaintiff and the defendant were engaged in an altercation at the apartment of Robert Carey, during the course of which the defendant struck the plaintiff on the jaw, breaking his jaw, and causing plaintiff to suffer painful injuries and incur substantial medical expenses and lost wages.

2. At the time of the altercation, the plaintiff was an uninvited guest at Mr. Carey's home and at the defendant's birthday party there in progress. Plaintiff had been requested to leave the premises but had refused to do so.

3. Immediately prior to the defendant's striking of the plaintiff, the plaintiff had shoved the defendant, and had used abusive language against the defendant and other individuals present in the room.

4. At the time he struck the plaintiff, the defendant was under a reasonable belief that the plaintiff was about to strike him and that he was in imminent risk of injury.

5. The defendant's actions in striking the plaintiff were in reasonable proportion to the risk of injury from the plaintiff perceived by the defendant.

### CONCLUSIONS OF LAW

1. The defendant struck the plaintiff in self-defense as considered and described in *Maichle v. Jonovic,* 69 Wis.2d 622, 230 N.W.2d 789 (1975) and, therefore, his conduct which would otherwise constitute battery is excused.

2. Defendant's actions complained of were neither willful nor malicious as those terms are used in connection with 11 U.S.C. § 523(a)(6).

3. Defendant's debt to plaintiff, if any, is dischargeable in bankruptcy.

Upon the foregoing, it is hereby

ORDERED that the complaint of the plaintiff be dismissed with prejudice and that judgment be entered in favor of the defendant.